### UNITED STATES ex rel. ARPAIA v. ALEXANDER.

#### Civ. No. 1867.

District Court, D. Connecticut.

Sept. 27, 1946.

Hayden Covington, of Brooklyn, N. Y., for Arpaia, petitioner.

Adrian W. Maher, U. S. Atty., of Bridgeport, Conn., and Thomas J. Birmingham, Asst. U. S. Atty., of Hartford, Conn., for respondent.

SMITH, District Judge.

This is a habeas corpus action, brought to test the legality of the confinement of the petitioner in the Federal Correctional Institution at Danbury in this District under a judgment of conviction for violation of the Selective Service Act entered by this Court. 54 Stat. 894, 50 U.S.C.A.Appendix, § 311. Petitioner was convicted on trial to the Court of refusing to obey a lawful order of the Selective Service Board in refusing to be inducted into the armed services. On the trial, evidence bearing upon the validity of the classification of the petitioner by the Board was stricken out on the theory that attack could be made upon the correctness of the classification of a registrant, by a Board having jurisdiction of his person, only by writ of habeas corpus following submission to induction under the then prevalent interpretation of the Falbo case. Falbo v. United States, 1944, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305. No appeal was taken by the petitioner. Time for appeal had run prior to the decision of the Supreme Court in the Estep and Smith cases, Estep v. United States (Smith v. United States), 1946, 327 U.S. 114, 66 S.Ct. 423, establishing the rule that where all the steps leading to induction had been taken and nothing remained to be done except the taking of the oath, the invalidity of the classification because the Board had acted without any foundation of fact, or arbitrarily and capriciously, might be raised as a defense to a criminal prosecution under the Act.

The first question is, therefore, whether petitioner may now raise, by habeas corpus, the questions which he should have been permitted to raise in the defense to the criminal action, in spite of his failure to appeal from the rulings of the Court in the criminal action. Certainly, in view of the overwhelming weight of authority supporting the rulings of the Court at the time, petitioner and his counsel were not negligent in failing to appeal within the time allowed by law. It is now apparent, however, that the rulings were erroneous. It does not seem sound to say, as in Rea v. McDonald, Warden, 5 Cir., 1946, 153 F.2d 190, that the petitioner's only recourse is to executive clemency. It is such a situation as to justify recourse to the extraordinary remedy of habeas corpus. United States ex rel. Kulick v. Kennedy, D.C. Conn.1946, 66 F.Supp. 183. The workings of the judicial machinery have created this situation in which a number of men, including an estimated 20 members of the Jehovah's Witnesses, are imprisoned after trials in which defenses offered by them, which might have been established by evidence, were excluded from the consideration of the trier, either court or jury. The normal remedy of appeal is not available because of the prisoner's dependence upon the interpretation of the law by a great number of the inferior federal courts, both district courts and the circuit courts of appeal. See the Estep case, Justice Frankfurter's concurring opinion (eight circuits, over 40 appellate judges concurring).

This upheaval of generally accepted case law is an "exceptional circumstance" to be considered in deciding whether or not habeas corpus is available here.

"Where the District Court has jurisdiction of the person and the subject matter in a criminal prosecution, the writ of habeas corpus cannot be used as a writ of error * * *. But if it be found that the court had no jurisdiction to try the petitioner, or that in its proceedings his constitutional rights have been denied, the remedy of habeas corpus is available." Bowen v. Johnston, 1939, 306 U.S. 19, pages 23, 24, 59 S.Ct. 442, 444, 83 L.Ed. 455.

"The rule is not so inflexible that it may not yield to exceptional circumstances when

the need for the remedy afforded by the writ of habeas corpus is apparent." Id., page 27 of 306 U.S., page 446 of 59 S.Ct., 83 L.Ed. 455.

"Here, I think, the reversal of doctrine accomplished by the Estep opinion was an 'exceptional circumstance' which justified resort to remedies now available only on a writ of habeas corpus." Judge Hincks, United States v. Kennedy, D.C.Conn. 1946, 66 F.Supp. 183, page 187.

"In this situation, I think the petitioner should not be penalized because his counsel failed to foresee that widely prevalent doctrine apparently firmly settled would be upset and hence failed to appeal in his behalf. I think him entitled now in these proceedings to a judicial ascertainment of his constitutional rights and appropriate relief from any invasion of those rights which may be found." Id., page 187 of 66 F.Supp.

■ The extraordinary remedy of habeas corpus is, therefore, available. Since it is extraordinary, the courts should look into the merits of the claims of petitioners, at least to the extent of determining that the defense offered had some foundation in fact and was not merely sham or frivolous. Relief from the waiver of the defenses by failure to appeal is conditioned upon an affirmative showing that the defenses had some merit.

What showing is necessary to invalidate the Board's classification? On habeas corpus after induction, the courts have expressed it variously.

This is a "question as to whether the Board manifestly abused its discretion. If so, its action was arbitrary and capricious and hence in violation of due process." United States v. Stalter, 7 Cir., 1945, 151 F.2d 633, page 635.

"A registrant's classification should be determined by the realities of the situation, not merely by what he professes. A registrant is not entitled to exemption merely because he professes to be a minister, but he is entitled to such exemption if his work brings him within that classification." Id., page 638 of 151 F.2d.

In such a situation "The Board abused its discretion in its refusal to so classify him (as 4–D). Its action was arbitrary and unauthorized." Id., page 639 of 151 F.2d.

"It is error reviewable by the courts when it appears that the proceedings conducted by such boards 'have been without or in excess of their jurisdiction * * * or that there has been a manifest abuse of the discretion with which they are invested under the act'." United States v. Cain, 2 Cir., 1944, 144 F.2d 944, page 947.

"Examination is only to determine whether there is any evidence at all to support the findings of the local board." Id., page 947, of 144 F.2d.

"To hold the findings final if supported by any evidence seems an apt compromise between the conflicting ideals of expeditious functioning of the draft laws and requital of the historic guarantees of due process of law." Id., page 948 of 144 F.2d.

"The provision making the decisions of the local boards 'final' means to us that Congress chose not to give administrative action under this Act the customary scope of judicial review which obtains under other statutes. It means that the courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant. Goff v. United States, 4 Cir., 1943, 135 F.2d 610, 612." Estep v. United States, 1946, 327 U.S. 114, 66 S.Ct. 423, page 427.

■ In the case at bar, evidence was presented to the Board by the petitioner by affidavit and letter purporting to substantiate his claim that he spent all, or practically all, of his time in organized evangelical work, carrying on the program of the society with which he was affiliated, a recognized religious group, that he had been trained for this work for years by his parents who engaged in similar work, and that he was recognized by the other members of the society as one who devoted his life to the carrying on of his work as a "pioneer", and that he had no regular or extensive secular employment. If believed, the evi--

dence submitted by the registrant would qualify him as a regular minister of religion under the administrative interpretation of the Act announced in the November 2, 1942, amendment to Opinion No. 14 of the Director of Selective Service. There is no evidence in the file to dispute these claims other than the registrant's youth (18) and the recent completion of his high school education.

On these facts the Court cannot say that a claim that the Board had acted arbitrarily and without evidence in reaching its classification was a sham or frivolous defense which could not be considered by the trier in the criminal case.

The petitioner should, therefore, be discharged from custody. The refusal of the Court to consider his evidence deprived him of a substantial defense which he was entitled to have the Court weigh.

If the Government desires to take an appeal, the petitioner will be released on bond pending appeal.

Form of judgment in accordance with this opinion may be submitted forthwith.