## NIZNIK v. UNITED STATES.

## COMODOR v. UNITED STATES.

### Nos. 11122, 11123.

United States Court of Appeals
Sixth Circuit.

Oct. 18, 1950.

Hayden C. Covington, Brooklyn, N. Y., (Victor F. Schmidt, Rossmoyne, Ohio, on the brief), for appellants.

Ferdinand Powell, Jr., Knoxville, Tenn. (Otto T. Ault, U. S. Atty., Ferdinand Powell, Jr., Asst. U. S. Atty., Knoxville, Tenn., on the brief), for appellee.

Before ALLEN, MARTIN, and McALLISTER, Circuit Judges.

## PER CURIAM.

These cases have been before this court on prior appeals in which judgments of conviction were reversed and the causes remanded for new trial. Niznik v. United States (Comodor v. United States), 173 F.2d 328. In our opinion, in which the facts relating to the controversy were fully set forth, we outlined certain uncontradicted testimony of appellants, stating that if such testimony on retrial should be substantially the same and undisputed, appellants would be entitled to acquittals.

On the retrial in which appellants were again convicted, their testimony was substantially the same, but certain of that testimony was contradicted. It appears, however, that the testimony of appellants was not disputed to the effect that one member of the local draft board said that he "knew all about Jehovah's Witnesses work and they said to me that they weren't going to give them a IV-D classification," and that they "told me that they were familiar with Jehovah's Witnesses and that they could not give Jehovah's Witnesses a IV-D because they weren't like orthodox religious clergymen,—who went to a theological seminary. * * * They told me that so far as Jehovah's Witnesses were concerned they weren't going to give them a IV-D. * * * As far as Jehovah's Witnesses are concerned no IV-D for them."

The government contends, since it is admitted that certain material portions of appellants' testimony regarding statements made by the members of the local board were expressly and emphatically contradicted by the sworn testimony of three board members, that the testimony of appellants in a material matter stands impeached, if the testimony of the board members is accepted—as it is bound to have been accepted by the jury in order to reach a verdict of guilty; and that where witnesses are impeached as to a material matter, it is a question for the jury as to what credibility or weight is to be given the remainder of such testimony.

The foregoing contention, however, loses its force, upon consideration of the testimony of the board members on this point. While material portions of appellants' testimony were contradicted, the board chairman testified that "There was only one thing to do, and that was to classify that man in accordance with Selec-

974

tive Service rules. The classification that he was finally put in was IV-E that was the classification for those who were Jehovah's Witnesses." The board chairman further testified that in order to have a IV-D, or minister's classification, a registrant would have to show he was a regularly ordained minister; that he had attended a theological seminary and had been educated for the ministry; and that he had made his living by that vocation. Another of the members of the board testified that he had stated, on the classification hearing, that appellants were not entitled to a minister's classification because they had not gone to a theological seminary and that that was his view of the matter; that appellants had never been ordained; that, in order to be ordained, 'a person had to graduate and be ordained by his church; and that no one could be considered a minister of religion unless he had been regularly ordained.

Although the members of the draft board performed long, laborious, and patriotic duties, nevertheless, their ruling in this regard, that appellants were not entitled to classification as ministers of religion, was based not upon the evidence or information in appellants' files, or upon a belief in the truthfulness of the statements made by appellants, but upon the fact that they were members of Jehovah's Witnesses. The regulation pertaining to ministerial classification in this case was plain.

"(a) In Class IV-D shall be placed any registrant who is a regular or duly ordained minister of religion * * *

"(b) A regular minister of religion is a man who customarily preaches and teaches the principles of religion of a recognized church, religious sect, or religious organization of which he is a member, without having been formally ordained as a minister of religion; and who is recognized by such church, sect, or organization as a minister." Section 622.44 of the Selective Service Regulations.

Disregard of this provision, and refusal to classify as a minister of religion solely on the ground that appellants were members of a religious sect and that they had not attended a religious seminary and had been regularly ordained, was arbitrary and contrary to the law and regulations. "In classifying a registrant there shall be no discrimination for or against him because of his race, creed, or color, or because of his membership or activity in any labor, political, religious, or other organization. Each registrant shall receive equal and fair justice." Section 623.1(c) of the Selective Service Regulations.

The classification of the local board, accordingly, was invalid, and its action void. The judgments are, therefore, reversed, the convictions are set aside, and appellants are discharged.