## UNITED STATES v. EVERNGAM.

No. 7906.

United States District Court
S. D. West Virginia.

Oct. 31, 1951.

Garnett Thompson, U. S. Atty., Charleston, W. Va., Milton J. Ferguson and Philip A. Baer, Asst. U. S. Attys., Huntington, W. Va., for the Government.

Robert L. Slack, Huntington, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

The defendant was charged with a violation of the Selective Service Act of 1948, 50 U.S.C.A. Appendix, § 451 et seq., in that he did knowingly refuse to submit for induction, in compliance with an order of his Local Board. He pleaded not guilty, claiming that he was denied classification as a conscientious objector solely because he was a Catholic, in violation of the statute and regulations thereunder and that he was thereby denied due process of law. The case was tried by the court in lieu of a jury. Pursuant to Rule 23(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., I make the following findings of fact and conclusions of law:

### Findings of Fact

1. Howard Everngam, residing in New York City, registered with Local Board No. 24, Bronx, New York City. He claimed exemption from combatant and non-combatant service in the armed forces on the ground that he was a conscientious objector. After many hearings, he was denied such classification and placed in Class 1-A by his local board. Further hearings were had at his request and his case was further reviewed by the Government Appeal Agent and later forwarded to Appeal Board Panel No. 4. This appeal board continued him in the same classification, and directed that the file be sent to the United States Attorney for an advisory recommendation of the Department of Justice.

2. Pursuant to the requirements of Section 6 (j) of the Selective Service Act of 1948 and Section 626.25 of the Selective Service Regulations, the hearing officer of the Department of Justice set a date for hearing at his law office. Defendant offered further evidence in the form of a letter signed by him. The hearing officer made a written report in which he pointed out that the defendant was a Catholic. The hearing officer stated that he, too, was a Catholic, "born in, and brought up in, the Catholic faith, with close relatives in the clergy and also in convents, and although not a theologian, has to the best of his ability endeavored to understand his religion. Furthermore, your Hearing Officer's beliefs, ideas and reactions are diametrically opposed to everything this registrant states relative to the standing of the Roman Catholic Church on the question of protecting your country, fighting for it, and maintaining to the best of your ability the government under which you live, provided that said government is a good government." The hearing officer concluded his report: "As a conscientious objector, basing his claim upon the teachings of the Roman Catholic Church, he is in total error, and cannot use the teachings of the church as a basis for deferment." The hearing officer recommended that defendant be retained in Class 1-A. The report makes it clear that the hearing officer recommended that he be denied classification as a conscientious objector solely because he was a Catholic. He did not base his report and recommendation upon the record before him to determine the conscientious religious training and belief of the defendant, but used his own training and belief as the test. He made no finding

as to whether the defendant "by reason of religious training and belief, is conscientiously opposed to participation in war in any form." The report and recommendation was, therefore, arbitrary.

3. This report and recommendation of the hearing officer of the Department of Justice was received by the appeal board and considered by it in making its subsequent classification of defendant, in which defendant was again denied classification as a conscientious objector and placed in Class 1-A. Defendant thereafter sought appeal to the President, and this, too, proved ineffectual. In the meantime defendant had moved to Point Pleasant, W. Va., and his file was transferred to the local board at that point. He was ordered to appear for induction by the local board at Point Pleasant. He appeared for induction, and was accepted, but refused to be inducted into service, and it was for this failure that he was indicted.

### Conclusions of Law

1. Section 6(j) of the Selective Service Act of 1948 provides that no person shall be subject to combatant training and service in the armed forces of the United States who, "by reason of religious training and belief, is conscientiously opposed to participation in war in any form." Any person claiming exemption from combatant service because of such conscientious objections whose claim is sustained, shall be assigned to non-combatant service. If he is found to be conscientiously opposed to participation in such non-combatant service, in lieu of such induction, he shall be ordered by his local board to perform work of national importance. Any person claiming exemption from combatant training and service because of such conscientious objections, shall, if such claim is not sustained by the local board, be entitled to an appeal to the appropriate appeal board. Upon the filing of such appeal, the appeal board shall refer any such claim to the Department of Justice for inquiry and hearing. The Department of Justice shall hold a hearing with respect to the character and good faith of the objections of the person concerned, and such person shall be notified of the time and place of such hearing. If after such hearing the Department of Justice finds that his objections are not sustained, it shall recommend to the appeal board that such objections be not sustained. The appeal board shall, in making its decision, give consideration to, but shall not be bound to follow, the recommendation of the Department of Justice, together with the record on appeal from the local board.

2. Under these statutory provisions, the hearing, report, and recommendation of the Department of Justice is an important and integral part of the conscription process for the protection of both the government and the registrant. The defendant had the right to have a fair hearing and a non-arbitrary report and recommendation by the Department of Justice to the appeal board.

3. The report and recommendation of the hearing officer denied defendant the right to be classified as a conscientious objector because he was a Catholic, and was therefore arbitrary and invalid. The appeal board considered this invalid report and recommendation in making its subsequent classification of defendant, in which he was denied classification as a conscientious objector and placed in Class 1-A, thereby making the classification of the appeal board and the subsequent induction order invalid. The arbitrary report and recommendation of the hearing officer was a denial of due process of law.

4. Section 623.1(c) of the Selective Service Regulations provides as follows: "In classifying a registrant there shall be no discrimination for or against him because of his race, creed, or color, or because of his membership or activity in any labor, political, religious, or other organization." In Estep v. United States, 327 U.S. 114, 66 S. Ct. 423, 427, 90 L.Ed. 567, the Supreme Court said: "If a local board ordered a member of Congress to report for induction, or if it classified a registrant as available for military service, because he was a Jew, or a German, or a Negro, it would act in defiance of the law." Such an order would be beyond the jurisdiction of a local board and would be invalid. For the same reason, any report or recommendation of a

hearing officer of the Department of Justice which denied a registrant classification as a conscientious objector upon the ground that he was a Catholic is also invalid, and any subsequent classification by the appeal board based upon such report and recommendation is also invalid.

5. It does not appear that any member of the appeal board felt himself bound by this report and recommendation or how far, if at all, it influenced the decision of the appeal board, but that is not enough. The report and recommendation was transmitted to the appeal board to use as an advisory opinion, and was considered and used (as the regulations require) by the appeal board in its subsequent classification of the defendant. Under such circumstances the prosecution was bound to prove that such invalid report and recommendation of the hearing officer of the Department of Justice did not affect the decision of the appeal board, or any subsequent decision of the local board. No such proof was offered. And had such proof been offered, there is considerable doubt whether such proof would have cured the error, inasmuch as the report and recommendation of the Department of Justice is an important and integral step in the conscription process, for the protection of the registrant, as well as the government. The registrant is entitled to have a report and recommendation that is not arbitrary. Without it he is denied due process of law. Had such a report and recommendation been made, who can say that the hearing officer would not have recommended a different classification, or that the appeal board would not have made a different decision?

6. In United States v. Cain, 2 Cir., 149 F.2d 338, 342, the local board made use of a report and recommendation of an advisory panel in making its classification. The recommendation contained improper matter. Judge Learned Hand, speaking for the court, pointed out that it was impossible to know to what extent, if any, the decision of the panel influenced the local board, and stated that the board could make no use of the improper recommendation without abdicating their statu-

tory duties and devolving their responsibility. Said Judge Hand: "That was no technical irregularity of procedure; it went to the very heart of the controversy and vitiated the whole proceeding." To the same effect see United States v. Balough, 2 Cir., 157 F.2d 939.

7. Induction into the military services must, of necessity, be by summary procedure. When it appears that a local board or any other agency created by statute to carry out this summary induction procedure has denied to a registrant the protection which the statute and the regulations afford them, the federal courts must intervene. United States v. Balough, supra; United States v. Cain, supra. In Niznik v. United States, 6 Cir., 184 F.2d 973, a registrant was denied classification as a minister because he was a Jehovah Witness. The court held that such classification was arbitrary, contrary to law and regulations, and its action void. See also United States v. Stiles, 3 Cir., 169 F.2d 455; United States v. Zieber, 3 Cir., 161 F.2d 90.

8. I am not deciding or even inferring that defendant is entitled to a classification as a conscientious objector. That is a matter to be decided by his local board in accordance with the Selective Service Act and the Selective Service Regulations. Because of the arbitrary report and recommendation of the hearing officer of the Department of Justice in denying him consideration as a conscientious objector solely on the ground that he was a Catholic, the defendant has been denied a right which is guaranteed to him under the law.

9. Since defendant exhausted his administrative remedies, he was entitled to assert the invalidity of the induction order as a defense in this prosecution.

For the reasons stated, I find that the order to report for induction was invalid and that defendant is not guilty of violating the Selective Service Act or Regulations in refusing to obey an invalid order. The defendant is released from custody without prejudice to further proceedings of the local board in conformity with the foregoing opinion.