## UNITED STATES v. ROBERSON.
### Crim. A. No. 16629.

United States District Court
W. D. Oklahoma.

Nov. 17, 1952.

Harry Foreman, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

O. P. Estes, Oklahoma City, Okl., and J. B. Tietz, Los Angeles, Cal., for defendant.

WALLACE, District Judge.

The defendant, Howard Lee Roberson, was classified I–AO[1] under the Selective Service Act[2] and was ordered to report for induction. Upon refusing to submit

---

1. Class I–AO—conscientious objector available for noncombatant duty only.

2. 62 Stat. 604, 50 U.S.C.A.Appendix § 451 et seq.

to induction he was indicted. He was tried before a jury and found guilty.

Counsel for defendant now moves for acquittal, claiming that the instructions given the jury by the court improperly prevented the jury from considering as a matter of fact whether or not the action of the local board was arbitrary and capricious.

■ The pertinent part of the instructions read:

"It is the further opinion of this Court that there is no evidence that the board acted arbitrarily or capriciously in classifying the defendant, and that the defendant was not denied any of his legal rights or due process of law in arriving at this classification. There is no information in the file nor has any evidence been presented during the trial of this case which raises a question of fact for the jury as to due process of law."

Under the facts in this case this instruction was proper, although narrowing in effect.

■ Whether or not there is basis in fact for the classification is a question of law for the court.[3] The court is well satisfied that there exists basis in fact for the I–AO classification. It appears the de-

fendant was given every consideration in an effort to justly classify him.[4]

■ The Regulations limit and define the jurisdiction of the board and action of the local board contrary to the Regulations, or made as the result of prejudice, or based on discrimination, would be lawless and beyond its jurisdiction.[5] Naturally, where there is any evidence that the board acted beyond its jurisdiction the jury must consider it to determine whether or not the board acted arbitrarily or capriciously, even though as a matter of law basis in fact for the classification exists. However, here the defendant's only complaint was that he had been improperly classified; there was no evidence submitted which would tend to show prejudice, discrimination, or a failure to follow the procedure outlined under the Regulations.

■ Under the evidence in this case the only way the jury could have found that the board acted arbitrarily and capriciously would have been by going over the file and re-weighing its contents and thus concluding that the board had erroneously classified the registrant and therefore were arbitrary and capricious. This is the very thing the jury is not permitted to do.

Defendant's "Motion for Acquittal" is overruled.

---

3. Estep v. United States, 1945, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567.

4. The file of registrant reveals that his past employment, since joining the Church, has included work at (1) Oklahoma City Air Depot (Tinker Airforce Base) and (2) Norton Air Base, San Bernardino, California.

The Hearing Officer could well conclude as he did that, " * * * the registrant is sincere in his religious belief as regards combat service, but not too sure that his religious belief should bar noncombat service. * * * " and recommend, "That registrant's claim for ex-

emption from noncombatant service be not sustained and that he be classified in Class I–A–O and if inducted into the land or naval forces, he be assigned to noncombatant duties as defined by the President". See Report of Hearing By Department of Justice, Dated February 1, 1952, Los Angeles, California.

5. Imboden v. United States, 6 Cir., 1952, 194 F.2d 508; Niznik v. United States, 6 Cir., 1949, 173 F.2d 328, and Id., 6 Cir., 1950, 184 F.2d 972; United States v. Stiles, 3 Cir., 1948, 169 F.2d 455; United States v. Zieber, 3 Cir., 1947, 161 F. 2d 90.