### UNITED STATES v. ALVIES.
#### No. 33555.

United States District Court
N. D. California, S. D.
May 28, 1953.

Chauncey Tramutolo, U. S. Atty., Joseph Karesh, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Clarence E. Rust, Oakland, Cal., for defendant.

OLIVER J. CARTER, District Judge.

The United States indicted and prosecuted Daniel Warren Alvies for having knowingly refused to submit to induction into the armed forces, in violation of section 12(a) of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 462 (a). Trial was had without a jury, and the matter submitted for decision.

Defendant contends that he was improperly classified, and as a consequence thereof, improperly ordered to report for induction, by his local selective service board. Defendant claims to be conscientiously opposed to participation in war in any form because of his religious training and belief. He takes the position that the evidence in his selective service file does not justify a classification which would subject him to induction into the armed forces.

█ The record is clear that, prior to defendant's refusal to submit to induction, he had: (1) exhausted his administrative remedies for securing a different classification;

(2) submitted to a physical examination to determine his fitness for military service; (3) obeyed the order to report for induction; and, (4) done everything required of him by selective service officials except the taking of the oath of induction. Under these circumstances a defendant may properly raise the defense that his local selective service board acted beyond its jurisdiction in denying his claim to a classification other than I-A (subject to induction). Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567.

█ No Constitutional right exists to be exempt from service in the armed forces because of religious or conscientious objection. United States v. Macintosh, 283 U.S. 605, 51 S.Ct. 570, 75 L.Ed. 1302; United States v. Schwimmer, 279 U.S. 644, 49 S.Ct. 448, 73 L.Ed. 889; Arver v. United States (Selective Draft Law Cases), 245 U.S. 366, 38 S.Ct. 159, 62 L.Ed. 349.[1] However, a limited exemption from such service is provided for conscientious objectors by the selective service statute and regulations.

Section 6(j) of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 456(j), provides:

"Nothing contained in this title [sections 451–454 and 455–471 of 50 U.S.C. App.] shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. Religious training and belief in this connection means an individual's belief in a relation to a Supreme Being involving duties superior to those arising from any human relation, but does not include essentially political, sociological, or philosophical views or a merely personal moral code. Any person claiming exemption from combatant training and service because

1. See also Hamilton v. Regents, 293 U.S. 245, 55 S.Ct. 197, 79 L.Ed. 343; Jacobson v. Mass., 197 U.S. 11, 25 S.Ct. 358, 49 L.Ed. 643; Rase v. United States, 6 Cir., 129 F.2d 204. But cf. Girouard v. United States, 328 U.S. 61, 66 S.Ct. 826, 90 L.Ed. 1084, overruling United States v. Macintosh, 283 U.S. 605, 51 S. Ct. 570, 75 L.Ed. 1302, and United States v. Schwimmer, 279 U.S. 644, 49 S. Ct. 448, 73 L.Ed. 889, on statutory grounds alone.

of such conscientious objections whose claim is sustained by the local board shall, if he is inducted into the armed forces under this title, be assigned to noncombatant service as defined by the President, or shall, if he is found to be conscientiously opposed to participation in such noncombatant service, in lieu of such induction, be ordered by his local board, subject to such regulations as the President may prescribe, to perform * * * such civilian work contributing to the maintenance of the national health, safety, or interest as the local board may deem appropriate * * *."

Selective service regulations pertaining to classification of registrants provide, so far as is here material:

"Class I–A: Available for military service.

"In Class I–A shall be placed every registrant who has failed to establish to the satisfaction of the local board, subject to appeal hereinafter provided, that he is eligible for classification in another class. [32 C.F.R. 1622.10]

"Class I–O: Conscientious objector available for civilian work contributing to the maintenance of the national health, safety, or interest.

"(a) In Class I–O shall be placed every registrant who would have been classified in Class I–A but for the fact that he has been found, by reason of religious training and belief, to be conscientiously opposed to both combatant and non-combatant training and service in the armed forces."

■ Thus there are limitations upon the authority of selective service boards to classify as available for induction into the armed forces those who qualify as conscientious objectors within the meaning of the statute and regulations. However, the question of whether the local board has exceeded its jurisdiction is reached only if there is no basis in fact for the classification given the defendant. Estep v. United States, supra, 327 U.S. at page 122, 66 S.Ct. 423.

■ There is no basis in fact for the classification given a registrant by a local board unless there is at least some evidence to support the classification.[2] In determining whether there is a basis in fact for the classification given the registrant, the trial judge may consider only the evidence upon which the local board acted. Cox v. United States, 332 U.S. 442, 453–455, 68 S.Ct. 115, 92 L.Ed. 59.[3] The determination must be made from the record as a whole, and no single standard, fact or circumstance is controlling. Swaczyk v. United States, 1 Cir., 156 F.2d 17, 19.

The only evidence introduced on behalf of the government on this point was the defendant's selective service file. The record is otherwise silent as to what other evidence, if any, the selective service boards[4] had as a basis for the classifica-

2. Apparently the judicial review created by Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567, is limited to whether there is any evidence to support the finding of a local board that the registrant is not entitled to a particular classification. Subsequent cases have so applied the holding of that case. See Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59; Sunal v. Large, 4 Cir., 157 F.2d 165; Imboden v. United States, 6 Cir., 194 F.2d 508; Ex parte Fabiani, D.C.E.D.Pa., 105 F.Supp. 139. In stating the rule in the Estep case, supra, the court cited, by footnote, U. S. ex rel. Trainin v. Cain, 2 Cir., 144 F.2d 944, at page 948, which held that the finding of the local board was final if supported by "any evidence."

3. See opinion of the court, 332 U.S. at pages 454, 455, 68 S.Ct. at page 121:
"* * * It seems to us that it is quite in accord with justice to limit the evidence as to status in the criminal trial on review of administrative action to that upon which the board acted. As we have said elsewhere the board records were made by petitioners. It was open to them there to furnish full information as to their activities. It is that record upon which the board acted and upon which the registrants' violation of orders must be predicated."

4. Defendant was classified I–A by Local Board No. 11 at Oroville, Butte County, California, and by Appeal Panel No. 1, City and County of San Francisco, California.

tions made. The facts adduced from the file are as follows:

Alvies registered with his local selective service board in Oroville, California, on May 14, 1951. When he filled out his classification questionnaire in November, 1951 he declared himself to be conscientiously opposed to participation in war in any form because of his religious training and belief. Thereafter, he filled out and filed with the local board a special questionnaire required of all selective service registrants who claim to be conscientious objectors.

He believes in a Supreme Being, in the form of God, and His Son, Jesus Christ. He takes the position that Jesus Christ has promulgated certain rules for the guidance of human conduct. Among those rules are: (1) non-use of, and non-resistance to, force, violence and oppression; and (2) the maintenance of an attitude of love and affection toward all other human beings. His authority for all this is "The Bible." Alvies interprets the words of Jesus, as reported in "The Bible," to be a personal command to him to abstain from participation in war in any form. He feels that he must obey that command although directed to do otherwise by any human being, because he believes Jesus to have the divine status, superior to any and all human beings, which he is represented as having by "The Bible."

His religious training has come from his parents, from two years' instruction in "The Bible" at Adventist High School in Paradise, California, and from his personal reading and study of "The Bible." He is not a member of any particular religious sect or organization. Neither is his father a member of any particular religious sect or organization; nor was his mother before her death.

Alvies states that he relies upon "the Word of God" for religious guidance. By this he apparently means his own interpretation of "The Bible." He further states that in his opinion the consistence and depth of his religious convictions are most conspicuously demonstrated by "living the Christian life of self denial of worldly pleasures, building my life upon the teachings of Jesus Christ, especially the Sermon on the Mount." He states that his only public expression of his religious views has been in discussions with neighbors. He declares that he believes that Christians must never use force.

He has lived all his life on a small ranch near Paradise, California. His education consists of eight years of elementary school, two years of high school, and more than two years of correspondence school study in high school subjects. His only employment has been on his father's ranch except that he once helped one neighbor with his olive harvest and once helped another neighbor rebuild a ranch house.

On the basis of the foregoing information, the local board classified Alvies I–A. He requested, and was granted, a personal appearance before the board. At that hearing Alvies appeared as a witness. Although he refused to swear to the oath, he did affirm it. The summary of his testimony, prepared by the local board, indicates that, in answers to questions put to him by members of the board, he stated that he did not want to go into the service because. he was "a true follower of the Lord Jesus Christ," and that he stated that he belonged to no church, but read "The Bible" at home. He further stated that his objections to military service included non-combatant, as well as combatant, training and duties. This summary then states that the chairman of the local board "explained to the registrant that the Local Board is bound by regulations and they felt that there was nothing to allow them to reclassify the boy, they felt as tho [sic] they had no grounds to reclassify the boy * * *."

At the request of Alvies his selective service file was sent to the appeal board. As required by section 6(j) of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 456(j), the appeal board referred the matter to the Department of Justice for inquiry and hearing. Alvies did not appear at the hearing, which was held in San Francisco, California, but did submit to the hearing officer a letter. This letter is not included in Alvies' selective service file, and, consequently, is not in the record. The report of the hearing

officer substantiates the statements of Alvies with regard to his residence, employment and education. The report further states:

"Friends and neighbors stated the father to be a very devout and sincerely religious man, although he is not a member of any particular recognized religious faith. Evidently there is a strong bond of affection existing between the father and sons, that they followed their father's guidance and teaching. Neighbors and friends advised that the Registrant was a sincere, well behaved and a fine boy.

"Former school teachers stated that the boy was dependable, very retiring, and that he did not participate in school activities and did not engage in the usual associations with other students. The Registrant was, according to one informant, somewhat below the average student in his scholarship. It was thought that the Registrant left school because of his father's religious beliefs.

"4. The Registrant failed to appear at his Hearing as above indicated. 'Exhibit A' [Alvies' letter to the hearing officer] indicates that the Registrant is not a member of any particular religious faith and that he claims his personal study of the bible, and his own individual religious beliefs compel him to be a true conscientious objector as to participation in military service in either a combatant or non-combatant capacity. It is apparent that he derived his religious beliefs from the dominating but devout religious training that has been given to him by his father."

The hearing officer recommended that Alvies' appeal be not sustained and that he be classified I–A. His stated reason for so recommending was that Alvies' opposition to military service "stems from a personal philosophy" which had resulted from having been "molded in his thinking by his father."

The recommendation of the hearing officer was not concurred in by the Department of Justice. Instead, the Department recommended that Alvies be classified I–O [not available for military service of any sort, but subject to civilian work contributing to national health, safety or interest]. The reasoning behind its recommendation was stated thus:

" * * * It has been well established that membership in a religious organization is not necessary to sustain a conscientious objector claim. The investigation in this case is entirely favorable to the registrant. Persons who know the registrant and his family well are convinced that the registrant is sincerely religious and that his conscientious objector claim is based upon the religious training provided by his father.

"Considering all the evidence contained in the investigative report, the registrant's file, and the report of the Hearing Officer, it is concluded that the registrant is by reason of his religious training and belief conscientiously opposed to participation in war in any form."

The appeal board did not follow the recommendation of the Department of Justice, but classified Alvies I–A. Subsequently, Alvies took and passed a pre-induction physical examination, responded to the notice to report for induction, but refused to submit to induction.

All of the evidence presented to the local board by Alvies supports his contention that he is a conscientious objector. According to the words of the Universal Military Training and Service Act, 50 U.S.C. A.Appendix § 456(j), "Religious training and belief in this connection means an individual's belief in a relation to a Supreme Being involving duties superior to those arising from any human relation, but does not include essentially political, sociological, or philosophical views or a merely personal moral code." Those words encompass exactly what Alvies states his belief to be. The bedrock of his objection to military service is his belief in a Supreme Being, in the persons of God and His Son, Jesus. His belief, as stated, could hardly be characterized as other than religious. Cf. United States v. Kauten, 2 Cir., 133 F. 2d 703; United States ex rel. Phillips v.

Downer, 2 Cir., 135 F.2d 521; Berman v. United States, 9 Cir., 156 F.2d 377.

There is no evidence to contradict the proposition that Alvies was trained to believe as he does. Nor is there any evidence to contradict the proposition that he really believes as he says he does. Alvies' testimony at the trial substantiated and reiterated his religious training and belief to be as stated in his selective service questionnaires.

It is not clear from the record just why the local board felt that Alvies was not entitled to a I–O classification. The significant thing about Alvies' case is that he does not belong to a particular religious sect or organization.[5] But there is nothing in the statute or regulations which requires membership in a sect or organization in order to qualify as a conscientious objector.[6] See United States v. Everngam, D. C.S.D.W.Va., 102 F.Supp. 128, where it was held that due process had been denied a selective service registrant because the hearing officer recommended that a conscientious objector classification be denied upon the ground that registrant was a Catholic.

There are a number of reported cases wherein courts have reviewed the question of whether or not there was a basis in fact for a classification given a particular registrant. A number of these point out the particular evidence which supported the classification. See Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59; Checinski v. United States, 6 Cir., 129 F.; 2d 461; U. S. ex rel. Trainin v. Cain, 2 Cir., 144 F.2d 944, certiorari denied 323 U. S. 795, 65 S.Ct. 439, 89 L.Ed. 650; Swaczyk v. United States, 1 Cir., 156 F.2d 17; Sunal v. Large, 4 Cir., 157 F.2d 165; Smith v. United States, 4 Cir., 157 F.2d 176; Imboden v. United States, 6 Cir., 194 F.2d 508;[7] United States v. Bartelt, 7 Cir., 200 F.2d 385; United States v. Buttecali, D.C. S.D.Tex., 46 F.Supp. 39, affirmed, 5 Cir., 130 F.2d 172; U. S. ex rel. Kulick v. Kennedy, D.C.Conn., 66 F.Supp. 183, reversed on other grounds, 2 Cir., 157 F.2d 811; United States v. Stiles, D.C.E.D.Pa., 72 F. Supp. 538, reversed on other grounds, 3 Cir., 169 F.2d 455; United States v. Roberson, D.C.W.D.Okl., 108 F.Supp. 423. Some other cases have merely held, without discussion, that the evidence was sufficient to support the classification. See Wells v. United States, 5 Cir., 158 F.2d 932; Lemien v. United States, 5 Cir., 158 F.2d 550; Tyrrell v. United States, 9 Cir., 200 F.2d 8; United States v. Pace, D.C.S.D.Tex., 46 F.Supp. 316.

All of these cases wherein the courts have pointed out why there was a basis in fact for the classification given are clearly distinguishable from the instant situation because in all of the former there was evidence in the record to support a denial of the classification claimed by the registrant. In the instant case there is no evidence in

---

5. See Cornell, Exemption From the Draft: A Study in Civil Liberties, 56 Yale L.J. 258, 269:

"* * * In practice, draft boards have also tended to identify religion with church affiliation. For example, persons unable to demonstrate church membership as well as orthodox theological views, have found difficulty in obtaining exemption, although the statute clearly covers them."

And cf. United States v. Balogh, 2 Cir., 157 F.2d 939; Niznik v. United States, 6 Cir., 184 F.2d 972; Imboden v. United States, 6 Cir., 194 F.2d 508.

6. 32 C.F.R. 1622.1(d) provides:

"In classifying a registrant there shall be no discrimination for or against him because of his race, creed, or color, or because of his membership or activity in any labor, political, religious, or other organization. Each such registrant shall receive equal justice."

7. This is the only case holding that there was a basis in fact for a denial of a conscientious objector's classification which has been disclosed by research. It was there held that the basis in fact was evidence which tended to show that registrant's professed religious belief was not genuine, in that: (1) he did not participate in the activities of the Bretheren Church, although he attributed his religious training and belief to that sect; and, (2) the Bretheren Church did not require its members to support the idea that Christians should not participate in war.

the record to show that registrant's claim is not genuine.[8]

Only if the court indulged in the bald assumption that the local and appeal boards did not believe the registrant to be truthful in stating his religious training and belief could it be said that there was a basis in fact for denying him a classification as a conscientious objector. But the record includes no indication that said boards did disbelieve Alvies. The regulations do not prohibit selective service boards from indicating on the written record that the veracity of a registrant is questioned. U. S. ex rel. Kulick v. Kennedy, supra, 66 F.Supp. at page 193.

But assumptions on the part of the court cannot substitute for evidence where the result would be to convict a man of a felony. As the Supreme Court said in the Estep case, supra, 327 U.S. at pages 121–22, 66 S.Ct. at page 427:

"* * * We are dealing here with a question of personal liberty. A registrant who violates the Act commits a felony. A felon customarily suffers the loss of substantial rights. Sec. 11, being silent on the matter, leaves the question of available defenses in doubt. But we are loath to resolve those doubts against the accused."

Where the record of selective service board action in classifying a registrant is questionable, presumptions are resolved in favor of the registrant. See U. S. ex rel. Reel v. Badt, 2 Cir., 141 F.2d 845;[9] U. S. ex rel. Levy v. Cain, 2 Cir., 149 F.2d 338;[10] United States v. Balogh, 2 Cir., 157 F.2d 939;[11] United States v. Everngam, supra.[12] Unless there is some evidence in the record to support the classification given a selective service registrant there is no basis in fact for the classification.[13] See Ex parte Fabiani, D.C.E.D.Pa., 105 F.Supp. 139, where Judge McGranery held that there was no basis in fact for denying a registrant a classification as a medical student where all the evidence in registrant's file indicated that he was, in good faith, studying medicine at a recognized medical school.

Since there is no evidence in Alvies' selective service file to support a denial to him of a classification as a conscientious objector, there is no basis in fact for his I–A classification. Thus, the I–A classification as the basis for criminal prosecution is

8. See U. S. ex rel. Arpaia v. Alexander, D.C.Conn., 68 F.Supp. 820, 822–23, holding that there was no basis in fact for the denial of a minister's classification where the only evidence which tended to invalidate the legitimacy of the claim was that registrant was an 18 year old boy who had just completed his high school education.

9. Where it could not be determined from the record whether Director of Selective Service, in affirming local board's denial of registrant's claim to be classified as conscientious objector, overruled findings of fact of hearing officer that registrant's objections were genuine, or based his decision upon erroneous ground that registrant was not entitled to such classification, registrant would be remanded for further hearing before District Court.

10. Where a local board considered improper material in arriving at a classification, and it is impossible for a reviewing court to determine from the record whether, and to what extent, such material influenced the board's decision, the presumption is that such material influenced the board

and thereby rendered the classification invalid.

11. Evidence that chairman of local board denounced religious sect to which defendant belonged and that the board erroneously considered a report which it should not have considered in classifying defendant required that conviction be set aside.

12. Where hearing officer recommended that defendant be denied classification as a conscientious objector upon the ground that registrant was a Catholic and that the Catholic church did not teach or advocate non-participation of Christians in war, and appeal board, in denying defendant a classification as conscientious objector, considered such recommendation, the induction order was invalid in the absence of a showing that the recommendation did not affect the decision of the appeal board.

13. See United States v. Zieber, 3 Cir., 161 F.2d 90, 93:
"* * * Good faith and honest intention on the part of the Local Board is not enough. There must be full and fair compliance with the provisions of the Act and the applicable regulations."

void, as is the order to report for induction based upon that classification. Therefore, it is the judgment of this court that the defendant is not guilty of having knowingly refused to submit to induction into the armed forces.