**UNITED STATES of America**

v.

**Frank William ERIKSON, Defendant.**

United States District Court
S. D. New York.
March 8, 1957.

IRVING R. KAUFMAN, District Judge.

Defendant has been indicted for violating section 12 of the Universal Military Training and Service Act, 50 U.S.C. A.Appendix, § 462. The indictment charges that on September 5, 1956, Frank William Erikson, after having been found fully qualified for military service, wilfully refused to take the symbolic "one step forward" which would have constituted his induction into the Armed Forces of the United States.

The defendant claims that he is entitled to an exemption from military service because he is conscientiously opposed to war on religious grounds. Section 6 of the Act, 50 U.S.C.A.Appendix, § 456, provides that

"Nothing contained in this title [sections 451–454 and 455–471 of this Appendix] shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form."

This section provides further that if the claim to exemption is not sustained by the local board, the registrant is "entitled to an appeal" which will include, as an integral part thereof, an inquiry and hearing conducted by the Department of Justice. The Department must then submit a recommendation to the appeal board with regard to whether or not the registrant's objections should be sustained.

The defendant contends, inter alia, that the Recommendation of the Department of Justice contained certain crucial errors of law and fact which resulted in the defendant being deprived of his right to the fair consideration of his claim that is required by the statute.

The Recommendation of the Department of Justice which was sent to the Appeal Board contained the following answers by the defendant to two questions posed by the hearing examiner:

Paul W. Williams, U. S. Atty., New York City, for the United States, by John T. Moran, Jr., Asst. U. S. Atty., New York City.

Herman Adlerstein, New York City, for defendant.

578

"Q. Is your claim for deferment based not on objection to war but based upon the fact that you recognize only one government and, therefore, cannot subject yourself to the orders or commands of any other government?

"A. That's right.

"Q. You understand my question?

"A. I think I did; you mean that my life is subject to this invisible government, which is the righteous government of Jehovah God and since I am a part of that, I cannot take part in any other government."

■ These answers in no way negate defendant's claim made throughout these proceedings to also being conscientiously opposed to war on religious grounds.

I have examined the transcript of the testimony before the hearing examiner, which has been marked Government's Exhibit 4, and it appears that in the very next question asked by the hearing examiner but not quoted in the Recommendations sent to the Board was the following:

"Q. And because of that you are making a claim for conscientious objection and it is not because of the fact that you are opposed to war as such.

A. I personally; I don't condone killing but I am conscientiously opposed to going into warfare; * * *"

While the failure of the Department of Justice to include the defendant's answer to this last question in the Recommendation may in itself be sufficiently prejudicial as to warrant acquittal of this defendant, it is not necessary to base the decision on this ground alone.

The Department of Justice in its Recommendation went on to state:

"We feel that the registrant's answers to the above questions leaves him with no basis in fact for his claim for exemption from military service by reason of his religious training and beliefs. His contention does not fall within the purview of the Selective Service Act."

The Recommendation then cited the case of White v. United States, 9 Cir., 215 F.2d 782, 785, and quoted inter alia the following statement:

"The language of the Act refers to a person 'who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form.' There was evidence that White did not precisely fall into this category. For his conscientious objection was a much broader one,—it was an objection to any governmental service whatsoever * * *".

On this basis the court in White affirmed the denial of the defendant's claim to being a conscientious objector.

Before the Recommendation had been submitted to the Board in this case, the Supreme Court in Sicurella v. United States, 348 U.S. 385, 75 S.Ct. 403, 99 L. Ed. 436 specifically rejected the position taken in the White case. The court stated, 348 U.S. at page 391, 75 S.Ct. at page 406, as follows:

"The Court of Appeals also rested its decision on the conclusion that petitioner's objection to participation in war was only a facet of his real objection to all governmental authority. We believe, however, that if the requisite objection to participation in war exists, it makes no difference that the registrant also claims, on religious grounds, other objections which are not covered by the Act. Once he comes within § 6(j), he does not forfeit its coverage because of his other beliefs which may extend beyond the exemptions granted by Congress."

■ The Government concedes for purposes of this case, that the part of the Recommendation which was based on the White case was erroneous. It is the position of the Government that despite this error, the Appeal Board may have based its decision on a valid ground, namely, the hearing officer's finding that

the defendant was not sincere in his belief. After a careful reading of the transcript of the testimony before the hearing examiner and of the report submitted by the Federal Bureau of Investigation, I can find no objective fact upon which the hearing officer could have based his conclusion. The F.B.I. report was entirely favorable to the defendant, and the transcript reveals no instance of the defendant being shifty or evasive in his answers.

 Even assuming, however, that the Appeal Board could validly have rested its decision on the hearing examiner's impression that the defendant was insincere, there was no evidence that the Board based its decision on this ground rather than on the invalid ground.

In the Sicurella case, supra, the Supreme Court stated, 348 U.S. at page 392, 75 S.Ct. at page 406:

"We feel that this error of law by the Department, to which the Appeal Board might naturally look for guidance on such questions, must vitiate the entire proceedings at least where it is not clear that the Board relied on some legitimate ground. Here, where it is impossible to determine on exactly which grounds the Appeal Board decided, the integrity of the Selective Service system demands, at least, that the Government not recommend illegal grounds."

The Supreme Court in Sicurella, cited with approval the case of United States v. Everngam, D.C.S.D.W.Va.1951, 102 F.Supp. 128, 131. The following comments by the Court in that case are particularly pertinent to the instant situation:

"It does not appear that any member of the appeal board felt himself bound by this report and recommendation or how far, if at all, it influenced the decision of the appeal board, but that is not enough. The report and recommendation was transmitted to the appeal board to use as an advisory opinion, and was considered and used (as the regula-

tions require) by the appeal board in its subsequent classification of the defendant. Under such circumstances the prosecution was bound to prove that such invalid report and recommendation of the hearing officer of the Department of Justice did not affect the decision of the appeal board, or any subsequent decision of the local board. No such proof was offered. And had such proof been offered, there is considerable doubt whether such proof would have cured the error, inasmuch as the report and recommendation of the Department of Justice is an important and integral step in the conscription process, for the protection of the registrant, as well as the government. The registrant is entitled to have a report and recommendation that is not arbitrary. Without it he is denied due process of law. Had such a report and recommendation been made, who can say that the hearing officer would not have recommended a different classification, or that the appeal board would not have made a different decision?

"In United States ex rel. Levy v. Cain, 2 Cir., 149 F.2d 338, 342, the local board made use of a report and recommendation of an advisory panel in making its classification. The recommendation contained improper matter. Judge Learned Hand, speaking for the court, pointed out that it was impossible to know to what extent, if any, the decision of the panel influenced the local board, and stated that the board could make no use of the improper recommendation without abdicating their statutory duties and devolving their responsibility. Said Judge Hand: 'That was no technical irregularity of procedure; it went to the very heart of the controversy and vitiated the whole proceeding.' To the same effect see United States v. Balogh, 2 Cir., 157 F.2d 939."

It can be said with equal force in this case that had the law been accurately

stated in the Recommendation of the Department of Justice the decision of the Appeal Board might have been different from what it was.

▮ Furthermore, without going into a lengthy discussion as to whether there was any basis in fact for the decision of the Appeal Board and the Recommendations of the Justice Department, it must be noted that certain alleged "facts" contained in the Recommendation were in reality irrelevant, prejudicial and without basis in fact. Thus, the Recommendation cites the conclusion of the hearing examiner that the defendant "in comparison with a great number of members of his faith, devoted comparatively little time to the practice of his religion." Since the statutory standards for conscientious objector status is related only to the individual's belief, rather than to the amount of time devoted to "practice", this statement was both irrelevant and prejudicial. It is true that in certain cases it may be argued that the extent of practice is relevant to a determination of sincerity of belief, but the bare statement of the hearing examiner is much too vague to warrant even this much consideration. While the hearing examiner's statement would seem to indicate that the defendant devoted little time to his religion, upon a reading of the hearing examiner's transcript, I find that there was absolutely no basis in fact for this conclusion. When the defendant was asked how much time he devotes per week to religious duties, he answered as follows:

"Tuesday night we have Bible study in our home and Thursday evening out at the Hall we have two studies, which is the Ministry School, where members of the congregation learn better means for spreading the message of God, and that is Thursday night, which follows right after Theocratic Ministry School; and Sunday afternoon we have public lectures at four o'clock and after public lectures we have study in Watch Tower Magazine with the audience participating."

Defendant stated that he attended all of these meetings every week except when he was ill. In addition to these meetings there was testimony before the hearing officer by a witness, David McKenzie, that the defendant would have to spend considerable time in preparation for talks to the congregation which he regularly gave. This can hardly be considered a small amount of time devoted to the practice of his religion.

In view of the highly prejudicial error of law in the Department of Justice's Recommendation, and the inclusion of other matter in the Recommendation which was misleading, prejudicial, irrelevant and without basis in fact, and since the Government has not been able to show that the Board did not rely on the Recommendation, I can only conclude that the defendant was deprived of his right to fair consideration of his claim for exemption. The defendant, therefore, must be acquitted. In view of this, it is unecessary to rule upon the other propositions of law urged by the defendant.