**UNITED STATES of America, Plaintiff,**

v.

**Evan Ladd JOHNSON, Defendant.**

**Crim. No. 42910.**

United States District Court, N. D. California.

Nov. 18, 1969.

Steven M. Kipperman, San Francisco, Cal., for defendant.

Cecil F. Poole, U. S. Atty., F. Steele Langford, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

ORDER GRANTING MOTION FOR JUDGMENT OF ACQUITTAL.

ZIRPOLI, District Judge.

In 1966 the defendant, Evan Johnson, lost his II-S status and received an order to report for his preinduction physical. Defendant argues that when faced for the first time with the reality of military service, his beliefs crystallized and therefore he filed a form 150 requesting classification as a conscientious objector. The form was filed in October 1966. He was then classified II-S once again until June 1967. Defendant is now charged with failure to submit to induction on August 21, 1968.

Defendant moves for a judgment of acquittal on the following four grounds:

(1) He filed a prima facie claim for conscientious objector status which was denied by his local board without any basis in fact;

(2) He filed a prima facie claim for conscientious objector status and his local board failed to state any reason for denying such claim;

(3) He filed a prima facie claim for undergraduate status which was improperly denied;

(4) The local board was improperly constituted and thereby violated 32 C.F.R. 1604.52(c).

Given this court's determination that there was no basis in fact for the board's denial of the I-O claim, it is not necessary to decide the other three issues. Defendant's I-O application made over a year and one-half before his induction order raises, on its face, a valid claim for conscientious objector status.

Evan Johnson's form shows that he believes in a Supreme Being; although it is questionable whether he believes in the orthodox notion of a Deity. See United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). He states clearly and emphatically that he is against "all wars," and that it is "absolutely wrong to kill." His form 150 refers to his religious training, especially the influence of his minister, Dr. Robert Moon. His Selective Service file includes a letter from Dr. Moon which states that Evan Johnson "is sincerely and conscientiously convinced it is wrong to kill. * * * Indeed it is his keen sense of responsibility to God and humanity that have driven him to this position." In the face of this prima facie claim the local board gave as its only reason for denying such claim the fact that "he no longer attends church." This fact is not a legally proper reason for refusing to grant a claim of conscientious objection. See United States v. Seeger, *supra*; U. S. v. Alvies, 112 F. Supp. 618, 623 (N.D.Cal.1953).

Since the board gave its reason for denial and did not include a statement questioning the defendant's sincerity the court is not free to assume that insincerity was a basis in fact. See United States v. Alvies, *supra* at 624.

It is hereby ordered that the motion for judgment of acquittal be granted.