## UNITED STATES v. ZIEBER.
### No. 9245.

Circuit Court of Appeals, Third Circuit.
Argued Feb. 3, 1947.
Decided April 28, 1947.

Hayden C. Covington, of Brooklyn, N. Y. (Victor F. Schmidt, of Middletown, Ohio, on the brief), for appellant.

Edward A. Kallick, Asst. U. S. Atty., of Philadelphia, Pa. (Gerald A. Gleeson, U. S.

Atty., of Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, GOODRICH and Mc-LAUGHLIN, Circuit Judges.

BIGGS, Circuit Judge.

The defendant, Zieber, was charged with a violation of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 301 et seq., in that he "did knowingly fail to comply" with an order of his Local Board requiring him to entrain for work of national importance at a civilian public service camp. Zieber pleaded not guilty, was convicted and sentenced to imprisonment for a term of three years. He has appealed.

Zieber, a member of the sect known as "Jehovah's witnesses", registered under the Selective Training and Service Act on December 24, 1942 with Local Draft Board No. 2 in Berks County, Pennsylvania, on his eighteenth birthday. On January 29, 1943 he returned his questionnaire asserting that he was a minister of religion. He stated that he was employed secularly as a paint filler with the Glidden Company of Reading but that he was forced to engage in this secular employment in order to support his mother, an invalid. He claimed exemption as a minister of religion and requested classification as IV-D. He asserted also that he was a conscientious objector and shortly after returning his questionnaire filled out form 47 and filed it with the Board. He was given a physical examination, was found to be unfit for training, and on March 11, 1943 he was classified IV-F. He was reclassified II-B(F) on August 28, 1944 after the Board had received form 42-A filed by the Glidden Company stating that Zieber was engaged in war work and was employed in an essential industry. Zieber remained in this deferred classification for about a year. He was then given another physical examination and on being found physically fit he was reclassified IV-E on August 13, 1945.

On August 21, 1945 Zieber appeared at the office of the Board and presented a document about 20 pages in length entitled "Written Argument".[1] In this he set forth reasons why he should be classified IV-D, as a minister of religion and not IV-E as a conscientious objector. He was notified that the Board rejected this claim. On August 21, 1945 he filed a written request for an opportunity for personal appearance before the Board and was granted permission to appear on August 27, 1945. On that day he appeared before the Board. The clerk of the Board stated at the trial that on that occasion Zieber talked about his case for more than 45 minutes; that during this time the members listened to and heard everything that he had to say.

Zieber testified that at his appearance before the Board on August 27 he was permitted to testify or to talk for not more than 4 or 5 minutes; that he endeavored to inform the Board as to certain facts relating to his ministry and the practice among the congregations of Jehovah's witnesses; for example, that he wanted to tell the Board what his duties as assistant presiding minister of the Kutztown congregation were, but that he was not permitted to testify in respect to any of these matters.

It is clear that on August 27, 1945, the day of Zieber's personal appearance, the Board was confused as to the status of Zieber's case. It is apparent from the testimony of the clerk and that of the chairman that whether the Board listened to Zieber for 45 minutes or for only 4 or 5 minutes, it did not consider his testimony in determining his classification because the members were of the opinion that he had appealed[2] his case when he filed with the Board the "Written Argument", hereinbefore referred to. If the filing of this document was in fact deemed by the Board to constitute an appeal (as seems to have been the case) it is difficult to see why Zieber's request for a personal appearance should have been granted by the Board on August 24 or why he should have been heard at all on August 27. But nothing contained in the

---

[1] Defendant's Exhibit 1.

[2] Selective Service Regulation 627.11 provides that an appeal to a board of appeal shall be taken "By filing with the local board a written notice of appeal. Such notice need not be in any particular form but must state the name of the registrant and the name and identity of the person appealing so as to show the right of appeal."

"Written Argument" requests an appeal or makes any reference to an appeal. The Board was not entitled to treat it as an appeal and the analogy now attempted to be drawn by the appellee between the contents of Zieber's "Written Argument" and those of the appeal made by Tung in Chih Chung Tung v. United States, 1 Cir., 142 F.2d 919, is far-fetched.

■ It is at this point that the first serious difficulty arises in the appellee's case. Subparagraph (b) of Selective Service Regulations § 625.2 provides that at a personal appearance the registrant may "present such further information as he believes will assist the local board in determining his proper classification." The regulation cited also states, that "Such information shall be in writing or, if oral, shall be summarized in writing and, in either event, shall be placed in the registrant's file." It will be observed that that portion of the regulation first quoted employs the words "further information". If Zieber furnished "further information" at his personal appearance the Board was required to reduce Zieber's oral statement to writing and place the transcript in his cover sheet or file. If Zieber sought to furnish "further information" and was not permitted by the Board to supply it, he was denied a right afforded him by the regulation. Whether he did present new information or did endeavor to present new information became important questions of fact to be determined by the jury at the trial.

Subparagraph (c) of the regulation last referred to provides that after the registrant has appeared before his local board the "board shall consider the new information" and "shall again classify the registrant in the same manner as if he had never been classified * * *". If Zieber furnished no new information the Board was not required to classify him again. If he did furnish new information the Board was required to classify him as if he had never been classified. If he was prevented by the Board from presenting new information the Board was required to give him an opportunity to present it and if the Board did not afford Zieber this opportunity, it denied him a right required by the regulation. Here, again, occur the same important questions of fact for the determination of the jury.

The question of the correctness of Zieber's classification did go to the Appeal Board. Just how it got to the Appeal Board is not entirely clear from the record, but apparently the Local Board did treat Zieber's "Written Argument" as an appeal and did send Zieber's cover sheet or file to the Appeal Board. The latter body passed upon Zieber's classification de novo on the basis of the contents of Zieber's cover sheet or file. The cover sheet or file did not of course contain any written transcript of what Zieber stated to the Local Board at the time of his personal appearance on August 27. If Zieber did offer "further or new information" at his personal appearance before the Board, that information should have been reduced to writing and included in Zieber's cover sheet and would have been before the Appeal Board when it considered the appeal in Zieber's case. But, if Zieber offered no new or further information on August 27 what he said on that occasion would not have had to be reduced to writing or included in his file for the consideration of the Appeal Board.[3] If Zieber endeavored to offer new or further information and was prevented from doing so by the Appeal Board, he was denied a right given him by the regulation. Here, again, appear the same fundamental questions of fact for the determination of the jury at Zieber's trial.

■ If the Local Board did refuse to consider new or further information offered by Zieber and to include it in his cover sheet and to consider it in classifying him after it had been offered, or if the Local Board refused to receive new or further information which Zieber endeavored to offer to it, we think it is clear that he was denied due process of law. Moreover, a failure by the Local Board to perform

---

[3] It will be observed that Zieber had no appeal to the President for the actions of both the Local Board and the Appeal Board were unanimous.

the duties imposed upon it by the Selective Training and Service Act and the regulations could not have been cured by the de novo consideration of Zieber's classification by the Appeal Board if material which should have been included by the Local Board in Zieber's file was not included so that the Appeal Board could consider it.

Whether a selectee has or has not been afforded due process of law by the Selective Service agencies, there being disputed fundamental questions of fact as in the case at bar, should have been determined by the jury under proper instructions from the court. If the jury had believed that Zieber had given new or further information to his Local Board or had endeavored to give new or further information to the Board and had been prevented from doing so by the action of the Board, under a proper charge from the trial judge the jury could and should have found Zieber not guilty of failing to comply with the order of the Local Board to entrain for work of national importance. Zieber was not under a duty to comply with an illegal order. The court below did not present the important questions of fact, hereinbefore outlined, to the jury for its determination or instruct the jury that action of the Local Board contrary to the Act or regulations "would be lawless and beyond its jurisdiction". Estep v. United States, 327 U.S. 114, 121, 66 S.Ct. 423, 427. The court's charge did not deal with these essential points.

The learned Judge in fact charged the jury that if the members of the Local Board "endeavored honestly and fairly to comply with" the provisions of the Selective Training and Service Act and the applicable regulations "then the fact that they may have made errors could not be complained of in the courts". He went on to say that "It would be no defense to an indictment that they had honestly made a mistake, because if they honestly made a mistake then it was the duty of the registrant to obey that order and to report for induction and be inducted." This statement of law is incorrect. Good faith and honest intention on the part of the Local Board

is not enough. There must be full and fair compliance with the provisions of the Act and the applicable regulations.

The judgment of conviction will be reversed.