**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Kenneth Ernest CHODORSKI,**
**Defendant-Appellant.**

**No. 11699.**

United States Court of Appeals
Seventh Circuit.

Sept. 28, 1956.

Rehearing Denied Feb. 28, 1957.

Hayden C. Covington, Brooklyn, N. Y., Karl M. Milgrom, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Chicago, Ill. (John Peter Lulinski, James B. Parsons, William T. Hart, Asst. U. S. Attys., Northern Dist. of Illinois, Chicago, Ill., of counsel), for appellee.

Before MAJOR, FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Defendant, convicted of having failed and refused to perform civilian work, contrary to the Universal Military Training and Service Act, §§ 1–20, 50 U.S.C.A. Appendix, §§ 451–470, appeals from the sentence entered in a trial by the court after a finding of guilt. Upon appeal, defendant contends that he was deprived of procedural due process of law in that the local board applied an erroneous formula of fact and law, to the effect that none of defendant's sect was entitled to be classified as a minister of religion.

Defendant registered with his local board January 16, 1950, stating that he was then employed as a shipping clerk for an undertaker supply company. In his questionnaire he claimed to be a minister but said that his then occupation was that of a drill-press operator, and that he had been working for six months in that capacity, and expected to continue doing so indefinitely. He was then earning $1.35 an hour, working an average of 40 hours per week. He declared that he was a conscientious objector and claimed exemption as a minister of religion. On March 5, 1951, he was classified I–A. He requested a personal appearance hearing and appeared before the board for such a hearing held on August 6, 1951. Thereafter the board again classified him as I–A and mailed to him notice of its action.

On August 20, 1951, defendant filed with the local board an additional state-

ment to the effect that he was then a full-time minister known as a pioneer, and delivered to the board a certificate to that effect. On the same day he appealed to the appeal board, and thereupon the local board delivered his complete file to the appeal board, and defendant filed with that board his additional statement of evidence, renewing his statement that he was a regular minister of religion, setting forth in detail the facts upon which he based his claim.

The board of appeal referred the matter for investigation and report to the Department of Justice, which conducted a hearing and made a report recommending a finding that defendant was a conscientious objector and stating that defendant had informed the hearing officer that he was ordained in 1944, serving as a pioneer for 5 months, but had been obliged to quit serving as pioneer to engage in secular work in order to support himself, and that he was at that time employed as a color matcher by the Internal Chemical Corporation.

Upon the file, the statement filed with the appeal board by defendant and the report of the Department of Justice, the appeal board set aside defendant's classification by the local board as I–A and classified him as I–O, that is, a conscientious objector. Defendant, having been notified of his reclassification, refused to accept civilian work as directed by the local board. On December 30, 1952, he was notified to appear before a representative of the State Director for the purpose of reaching an agreement as to the type of civilian work he should perform. On January 12, 1953, he appeared but refused to make any agreement or to perform civilian work. He was then assigned to work at the Illinois State Hospital at Manteno. On his refusal to comply, he was indicted and convicted.

As we have stated, the question presented is the narrow one of whether defendant was deprived of procedural due process of law before the local board, and whether, if such was the fact, that error affects in any way his final classification by the appeal board. Upon the first question it is obvious from the record, we think, that the local board applied a wrongful test in determining the question presented to it of whether defendant was a minister of religion.

Under the statute the defendant had a right to and did prosecute an appeal to the appeal board. The hearing before that board is *de novo*. The matter is heard upon the original file of the local board supplemented by such further evidence as the registrant shall offer and as may be obtained by a reference to the Department of Justice and a hearing officer. There is no complaint that the entire file of defendant was not sent to the appeal board by the local board. There is no charge of lack of procedural due process in this respect. It is clear that defendant filed his additional statement with the appeal board, that he appeared before the hearing officer and that the latter, after hearing other evidence, recommended that defendant be classified as a conscientious objector instead of I–A, as the local board had ordered. This classification of conscientious objector, made by the appeal board, was his final classification. Upon its entry the local board ordered him to report for civilian work.

In this situation we think there can be no question but that whether there was lack of procedural due process of law in the local board's refusal to apply the proper test as to what constitutes a minister in defendant's original hearing is wholly immaterial, in view of the appeal board's ultimate hearing and classification. In other words, the decision of the local board, in which it is claimed lack of procedural due process of law occurred, has been set aside and held for naught, in a new hearing, a *de novo* hearing, by the tribunal created by Congress for the correction of error upon the part of the local board.

We had before us a similar question in United States v. Moore, 7 Cir., 217 F.2d 428, reversed on unrelated grounds, not presented to us, 348 U.S. 966, 75 S.Ct. 530, 99 L.Ed. 753. There, at pages

431 and 432 of 217 F.2d we analyzed the decisions bearing upon the issue and determined that the action of the board of appeal completely supersedes the action of the local board, and that the registrant cannot attack collaterally in a criminal proceeding the appeal board's classification upon which his induction has been ordered, because of prior action of the local board claimed to amount to lack of due process of law. Here, the defendant would have the court inquire whether lack of due process occurred in a classification of I–A which the appeal board has set aside as erroneous and has superseded with its own and different classification upon which the order for induction was issued. We adhere to the decision in the Moore case and to the reasoning of the cases there cited. To our mind it matters not at all how illy conceived the local board's idea was as to the test for determination of the issues before it, for the reason that upon the record containing the evidence, defendant's statement, Department of Justice report, the appeal board heard the matter anew and set aside the board's classification and entered one of conscientious objector.

We might properly conclude this discussion with what has been said, for no question is raised as to the merits of the classification by the appeal board, no question as to the failure of defendant to comply with that classification; the validity of that classification is not before us. By what we have said we have determined the narrow issue raised. However, in view of defendant's zealous contentions we think it desirable to refer briefly, to the cases upon which he relies. In United States v. Peebles, 7 Cir., 220 F.2d 114, we held that the action of the local board depriving defendant of procedural due process reached up to the appeal board by the record there presented and affected the validity of the classification of the appeal board. That is an entirely different question from one, where, as here, no erroneous action is claimed to lie in the decision of the appeal board.

In United States v. Henderson, 7 Cir., 223 F.2d 421, we were not dealing with the original decision of the board reviewed by the appeal board, but with the final decision of the local draft board subsequent to the appeal, and condemned the further proceeding as depriving the defendant of procedural due process in that the board refused to reopen and reconsider defendant's classification on an erroneous theory. This action had never been reviewed or modified by a board of appeal. In Mintz v. Howlett, 2 Cir., 207 F.2d 758, at page 762 the court did not find in the decision of the appeal board any corrective action over the original error before the local board. It remarked that "it appears that the appeal board assumed the crucial fact in issue." Consequently, the decision of the appeal board perpetuated the procedural errors before the local board.

In Niznik v. United States, 6 Cir., 173 F.2d 328, and Niznik v. United States, 6 Cir., 184 F.2d 972, the court held that if material presented to the local board which should have been included by the local board in the registrant's file was not included so that the appeal board could consider it, then there was lack of procedural due process. Therefore, in the first case the judgment was reversed for a new trial in order that it could be determined whether there had been an omission by the local board to include in the record sent by the appeal board everything that the law required. In the second appeal the court failed to determine expressly whether a full and complete record had been sent to the appeal board and, if so, whether that board's decision should apply. The opinion is silent on this point, but merely holds that the defendant was deprived of procedural due process before the local board. Consequently, in the absence of the record, we are unable to determine the limits of the exact holding. We agree with that court that if the record which goes to the board of appeal does not contain all of the evidence submitted to the local board, then the hearing before the

appeal board is without due process of law, but such is not our case.

In Knox v. United States, 9 Cir., 200 F.2d 398, the court seemed to have found in the facts something to justify the holding that the procedural irregularities reached into the appeal board, for it said that it was in full accord with the principles in Martin v. United States, 4 Cir., 190 F.2d 775 to the effect that procedural irregularities or omissions which do not result in prejudice to the registrant are to be disregarded. Here, there is nothing to support a conclusion that the original irregularities before the local board affected the review by the board of appeal.

This is in line with the decision in United States v. Zieber, 3 Cir., 161 F.2d 90, where the court commented that if the local board refuses to include in the file evidence bearing upon the classification, then the registrant is denied due process of law and in such case action by the appeal board cannot cure the error, for the reason that the evidence has not been submitted in the file lodged with that board. In other words, the procedural error of the local board is perpetuated in the decision of the appeal board, because the local board has not furnished the complete file to the appeal board.

In United States v. Fielder, D.C., 136 F.Supp. 745, and in United States v. Kose, D.C., 106 F.Supp. 433, the controlling facts are not clear. However, if there is anything in those decisions conflicting with our conclusions in this case, we disapprove.

Mr. Justice Rutledge, in his concurring opinion in Falbo v. United States, 320 U.S. 549, at page 555, 64 S.Ct. 346, 349, 88 L.Ed. 305, had this to say: "Petitioner claims the local board's order of classification was invalid because that board refused to classify petitioner as a minister on the basis of an antipathy to the religious sect of which he is a member. And, if the question were open, the record discloses that some evidence tendered to sustain this charge was excluded in the trial court. *But petitioner has made no such charge concerning the action of the appeal board which reviewed and affirmed the local board's order.* And there is nothing to show that the appeal board acted otherwise than according to law. If therefore the local board's order was invalid originally for the reason claimed, as to which I express no opinion, *whatever defect may have existed was cured by the appeal board's action.*" (Emphasis supplied.) The language in Tomlinson v. United States, 9 Cir., 216 F.2d 12, at page 16, is equally persuasive. The court held there that any error which the local board might have made with reference to ordination of a minister was precisely the sort of thing the appeal board was set up to correct. As the court said, so here, the whole record went to the appeal board along with the registrant's statement, in which he dealt with the precise question involved. If the local board erred, such error was cured by the *de novo* action of the appeal board.

The judgment is affirmed.