UNITED STATES of America

v.

**Larry Deane STEPLER, Appellant.**

No. 12498.

United States Court of Appeals Third Circuit.

Argued April 21, 1958.

Decided July 23, 1958.

John Rogers Carroll, Philadelphia, Pa., for appellant.

Mabel G. Turner, Asst. U. S. Atty., Philadelphia, Pa. (Harold K. Wood, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before MARIS, KALODNER and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

The defendant, Larry Deane Stepler, appeals from his conviction in the United States District Court for the Eastern District of Pennsylvania for failing, in violation of sections 6(j) and 12 of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, §§ 456(j), 462, to obey an order of Local Board No. 72, issued March 25, 1955, to perform civilian work in lieu of induction in the armed forces. The defendant, a Jehovah's Witness, was classified as a conscientious objector, I–O, but he claimed that he was entitled to exemption as a minister from service which exemption the local board denied him. He was ordered by the local board to report for civilian work at the Norristown State Hospital. On refusal to obey the order, he was indicted, tried by a jury, and found guilty of violating the Act. Thereafter he moved in the district court for judgment of acquittal urging that the order of the local board was invalid in that (1) the local board denied him ministerial classification on an illegal basis, and (2) he was denied a procedural right when the local board refused to reopen his classification. The motion for judgment of acquittal was denied by the district court, 152 F.Supp. 99, and he was sentenced to a term of 18 months in prison and a fine of $500. This appeal followed.

The defendant relies here for reversal upon the same contentions which he made in the district court when he moved for judgment of acquittal and which the district court rejected in denying his motion. We shall consider first his allegation that the local board denied him procedural due process of law by refusing to reopen his classification. His basis for this contention consists of two letters, one from the state director, dated November 17, 1954, and the other the local board's reply thereto of November 18th. We must consider these letters against the background of the facts of the case.

The defendant filed his questionnaire in December 1950 claiming that he was a minister of Jehovah's Witnesses. He was classified I–A, available for military service, by the local board. Thereafter he sought classification as a conscientious objector, I–O, but the local board continued him in Class I–A. He appealed his classification but his record remained in the files of the local board to await the results of his physical examination. During this waiting period, on September 12, 1952, the defendant advised the local board that he was employed as a full time minister and later a certificate was filed evidencing his appointment as a pioneer minister on March 15, 1952. On November 19, 1952, after he was notified that he had passed his physical examination, his file was forwarded to the state appeal board. His file was transmitted to the Department of Justice in respect to his claim for classification as a conscientious objector, the Department recommended that he be so classified, and the appeal board set aside the local board's classification of I–A and classified defendant I–O. The defendant, still claiming ministerial classification, filed a second classification questionnaire reciting his various activities as a minister of religion.

On July 8, 1953 the defendant was informed by the state director that his file had been carefully reviewed and as no procedural errors or denial of rights were apparent, no injustice seemed evident. It was also stated that defendant's case had received the consideration of the local board, the appeal board and the appeal agent and all had concurred that a ministerial deferment was unwarranted but that the local board would be requested to consider the additions which had been made to the file since the action of the appeal board to determine whether or not a reopening of defendant's case was warranted. On July 24, 1953 defendant was advised by the local board that the evidence did not warrant reopening his classification. A period of negotiations followed regarding civilian work, the local board found employment for defendant in the Norristown State Hospital, and his file was transmitted to national headquarters for approval.

Under date of April 28, 1954 the state director wrote the following letter to the local board:

"The file of the above named Class I–O registrant, which had been forwarded to National Headquarters under section 1660.20(d) of the regulations, is returned.

"The cover sheet discloses that the registrant was classified I–O by the appeal board on April 30, 1953, following which SSS Form No. 110 was mailed. On May 18, 1953, the registrant submitted a photostatic copy of a Certificate for Pioneer issued by the Watchtower Society, Brooklyn, New York, dated February 24, 1953, evidencing his Pioneer appointment on March 15, 1952. This information was considered by the local board on July 23, at which time it was determined that the registrant's classification not be reopened.

"The necessary authority under section 1660.20(d) to continue the registrant's processing is withheld, and it is requested that his classification be reopened and considered anew under section 1625.3(a) in view of the apparent change in his status which resulted when he received his Pioneer appointment.

"In connection with the requested reconsideration of this case, your attention is directed to our Memorandum SSSP–1369. It is suggested that prior to your reconsideration, the registrant be interviewed by the board to obtain current information in all matters listed in the Memorandum that might be applicable to him.

"Should it be your determination that the registrant does not qualify for the classification claimed, it is suggested that a statement be put in the file to evidence the reason or reasons for your determination. The preceding remark is not made to influence your board, but merely as a precaution that the record may be complete.

"If the registrant's classification should remain Class I–O if it is considered by the local board after a personal appearance, and after consideration by the appeal board, it will not be necessary to again process the case under section 1660.20 of the regulations.

"Please notify this headquarters of your board's determination."

The local board granted the defendant a personal hearing at which time certain questions and answers were recorded in his file. The defendant said he worked as a stone mason, that the number of hours he worked depended on the weather, that his salary for a full week was $100.00, that in the previous year he had earned approximately $2,000.00, that he taught the principles of religion only 40 hours a month because he had recently married and had been granted six months time to adjust and clear his debts, and that he held the position of Bible Study Servant. The local board determined that defendant did not qualify for Class IV–D and on May 24, 1954, classified him I–O. On June 10, 1954 the defendant appealed and his file was transmitted to the appeal board containing the following statement:

*"18 June 1954*
"We, as Members of Local Board #72, Franklin Co., Penna., believe that Larry Deane Stepler, does not qualify for the classification claimed (4–D) for the following reasons:

"1. A member of Jehovah's Witnesses does not qualify for a 4–D classification for the reason that he does not have the training and qualifications of an ordained minister.

"2. The registrant requests the classification given an ordained minister, but states his weekly salary as a *brick-layer* is $100.00 per week.

"3. The registrant absolutely refuses to accept an occupational position such as he could receive from the draft board if he would enter civilian work.

"4. Local Board Memorandum #41, as amended 15 August 1952, does not warrant a change.

"5. At the time of the registrant's last appearance before the Local Board, his testimony was almost entirely based upon quotations from the Scripture.

"6. When one of the Board Members quoted verses from the Bible, in which the Lord ordered his people to go forth to battle, he agreed that there were contradictory elements contained in the Good Book. ("he" meaning the registrant)

"7. At no place in the registrant's file, nor during his last personal appearance, is there anything that would convince us that this registrant is entitled to the classification of a minister of religion, or of a divinity student (this statement is based on Local Board Advice No. 287, issued 2 June 1954)."

The record further discloses that the appeal board again classified the defendant as I–O and his file was forwarded to state headquarters. On November 17, 1954 his file was returned to the local board by the state director with the following letter:

"The file of the above named registrant, which had been forwarded to National Headquarters under section 1660.20(d) of the regulations, is returned.

"It has been commented that an examination of the cover sheet discloses that the local board has denied the registrant's ministerial claim on a basis which is not in accord with the law and the regulations. Therefore, the file should be further considered by the local board.

"It is requested that this case be considered by your board at its next meeting, if possible. Please advise this headquarters of your determination."

The chairman, writing for the local board, responded on the 18th of November, as follows:

"In reply to your letter of 17 November you are advised the Board met this date and discussed the above case.

"The Board refuses to reopen this registrant's classification on the basis that he does not qualify for a 4–D under Section 1622.43 of Selective Service Regulations."

Under date of December 29th the local board was advised by the state director as follows:

"Your letter of November 18, 1954, advised that the file of the above named registrant had been reviewed and no action was taken to reopen his classification.

"Please forward the registrant's file to this headquarters."

The file was forwarded to state headquarters, and by state headquarters to national headquarters, with the following covering letter under date of January 28, 1955:

"The file of the above named registrant, which was returned with your letter of October 18, 1954, is forwarded.

"The fact that the registrant's claim for a ministerial status had been denied on a basis which is not in accordance with the law and regulations was brought to the attention of the local board.

"The local board discussed this case at its meeting of November 17, 1954, at which time no action was taken to reopen and consider the registrant's classification anew, since it was the opinion of the board that the registrant does not qualify for a IV–D classification under section 1622.43 of the regulations. It is requested that the necessary approval under section 1660.20(d) of the regulations be granted to order the registrant to report for civilian work if such action is deemed appropriate by your headquarters."

The order here under review was approved and subsequently was issued by the local board.

The defendant contends that the letter of November 17th was in effect a written request to reopen his classification which the local board, in violation

of § 1625.3(a) of the Selective Service Regulations,[1] refused to do. The Government, on the other hand, argues that the letter cannot be so construed in the absence of specific language to that effect and compares the language in the letter of April 28th, in which a specific request was made to reopen, with the language in the November 17th letter which did not use those exact words. We do not agree with the Government that in the circumstances under which these letters were written such a distinction can be drawn. In the letter of April 28 the state director requested the local board to reopen and consider anew the effect of the change in defendant's status as a pioneer minister. The local board did so and classified the defendant I–O, from which action the defendant took an appeal. When the board transmitted the defendant's file to the appeal board it added to the file its statement of June 18th showing the seven reasons upon which it based its denial of ministerial classification. The Government concedes that the local board erred in relying on the first reason given in its statement. Whatever might be the effect of the other six reasons, certainly denial of ministerial classification based on the fact that "A member of Jehovah's Witnesses does not qualify for a 4–D classification for the reason that he does not have the training and qualifications of an ordained minister" was erroneous.[2]

The state director called the attention of the local board to the fact that it had denied ministerial classification on a basis which was "not in accord with the law and the regulations", stating "Therefore, the file should be further consid-

ered." Having thus notice of an erroneous action upon its part, it appears clear that the local board construed the letter of November 17th as a request to reopen, but took the view that whether it should open and reconsider the classification was purely discretionary with it since the board replied that it "refuses to reopen".

§ 1625.3(a) of the regulations provides that the local board "shall" reopen and consider anew the classification of a registrant upon the written request of the state or national director. Even under § 1625.2 which provides that under circumstances outlined in that section a local board "may" reopen and consider anew a registrant's classification it has been held that its failure to do so, under particular circumstances, amounted to a denial of procedural due process of law.[3] A fortiori in the case of a refusal to comply with the peremptory mandate of § 1625.3(a) as took place in this case. We conclude that the local board denied the defendant due process of law in refusing to reopen and reconsider his classification when requested by the state director to do so on November 17, 1954. By that refusal he was denied the possibility of securing a changed classification not only from the local board itself but also from the appeal board on the appeal which he would have been entitled to take if the local board on reconsideration had made no change in his classification.

The Government contends that the defendant's case has had a good deal of consideration by the authorities and that since there is basis in fact for denial of his claim for exemption as a minister,

1. § 1625.3(a) in pertinent part provides: "*When registrant's classification shall be reopened and considered anew.* (a) The local board shall reopen and consider anew the classification of a registrant upon the written request of the State Director of Selective Service or the Director of Selective Service * * *" 32 CFR (Revised 1954) § 1625.3(a).

2. Dickinson v. United States, 1953, 346 U.S. 389, 395, 74 S.Ct. 152, 98 L.Ed. 132; Niznik v. United States, 6 Cir., 1950, 184

F.2d 972, 974; United States v. Henderson, 7 Cir., 1955, 223 F.2d 421; Pate v. United States, 5 Cir., 1957, 243 F.2d 99, 103; United States v. Hurt, 3 Cir., 1957, 244 F.2d 46.

3. United States v. Vincelli, 2 Cir., 1954, 215 F.2d 210; United States v. Ransom, 7 Cir., 1955, 223 F.2d 15; United States v. Henderson, 7 Cir., 1955, 223 F.2d 421; Olvera v. United States, 5 Cir., 1955, 223 F.2d 880.

the classification may be treated as valid and the order to report for work should not be set aside as invalid. It is true that the defendant has been accorded every courtesy, but as this court pointed out in United States v. Zieber, 3 Cir., 1947, 161 F.2d 90, 93, certiorari denied 333 U.S. 827, 68 S.Ct. 454, 92 L.Ed. 1112, "Good faith and honest intention on the part of the Local Board is not enough. There must be full and fair compliance with the provisions of the Act and the applicable regulations." Furthermore, we are here not concerned with whether the defendant made out a case which meets the statutory criteria. We are concerned only with the question whether the local board complied with the law and the regulations and we conclude that it did not comply with the regulations but denied the defendant a procedural right which vitiated the entire proceeding.

█ This brings us to the defendant's other contention, namely, that the order of the local board is invalid because he was denied his claim for ministerial exemption upon an illegal basis. We have already pointed out that the local board applied an erroneous test in denying the defendant's claim for ministerial exemption. The Government, however, argues that even if the local board denied the defendant's claim upon an erroneous basis, this error was cured upon appeal. It is true that it has been held that in view of the fact that it is the duty of the appeal board to consider the case de novo,[4]

and since its classification supersedes that of the local board,[5] an erroneous test applied by the local board is immaterial and does not invalidate its order where the authorities on appeal reviewed de novo the record containing all the evidence.[6] But this is not an inflexible rule. Where the local board refused to include certain evidence in the registrant's file it has been held that the denial of due process by the local board could not, under those circumstances, be cured on de novo consideration by the appeal board.[7] And where the registrant is deprived of procedural due process, the illegal action of the local board may reach up to the appeal board and affect the validity of its classification.[8] Judge Lindley discussed this problem in United States v. Chodorski, 7 Cir., 1956, 240 F.2d 590, 592–593, certiorari denied 353 U.S. 950, 77 S.Ct. 861, 1 L.Ed.2d 858, and pointed out that the question in a case of this kind is whether the original irregularities before the local board affected the review by the appeal board, in other words, whether the decision of the appeal board perpetuated the procedural errors of the local board.

█ The defendant contends that the error committed by the local board was not corrected by the appeal board. We think he is right. We have already referred to the letter of April 28, 1954, in response to which the local board reopened the defendant's classification and again classified him I–O rather than 4–D. On appeal he was continued in Class I–O.

4. § 1626.26 of the Selective Service Regulations, 32 CFR (Revised 1954) § 1626.26. United States v. Pitt, 3 Cir., 1944, 144 F.2d 169, 172.

5. United States ex rel. Bodenstein v. Nichols, 3 Cir., 1945, 151 F.2d 155, 159; Tyrrell v. United States, 9 Cir., 1952, 200 F.2d 8, 11, certiorari denied 345 U.S. 910, 73 S.Ct. 646, 97 L.Ed. 1346.

6. Bowles v. United States, 1943, 319 U.S. 33, 35, 36, 63 S.Ct. 912, 87 L.Ed. 1194; Cramer v. France, 9 Cir., 1945, 148 F.2d 801, 804; Capehart v. United States, 4 Cir., 1956, 237 F.2d 388, certiorari denied 352 U.S. 971, 77 S.Ct. 363, 1 L.Ed.2d 324; United States v. Chodorski, 7 Cir., 1956, 240 F.2d 590, certiorari

denied 353 U.S. 950, 77 S.Ct. 861, 1 L.Ed.2d 858; Ayers v. United States, 9 Cir., 1956, 240 F.2d 802, 809, certiorari denied 352 U.S. 1016, 77 S.Ct. 563, 1 L.Ed.2d 548.

7. United States v. Zieber, 3 Cir., 1947, 161 F.2d 90, 92–93, certiorari denied 333 U.S. 827, 68 S.Ct. 454, 92 L.Ed. 1112; Niznik v. United States, 6 Cir., 1949, 173 F.2d 328, 335, certiorari denied 337 U.S. 925, 69 S.Ct. 1169, 93 L.Ed. 1733; United States ex rel. Berman v. Craig, 3 Cir., 1953, 207 F.2d 888, 891.

8. Knox v. United States, 9 Cir., 1952, 200 F.2d 398; Mintz v. Howlett, 2 Cir., 1953, 207 F.2d 758, 762; United States v. Peebles, 7 Cir., 1955, 220 F.2d 114.

The appeal board had before it at that time the statement of June 18th in which the local board had applied an erroneous test in denying the defendant's claim for ministerial exemption, Class 4–D. We think it very doubtful, under the circumstances of this case, whether the appeal board corrected this error. We do not suggest that the defendant's file should contain expressions of opinion by the appeal board which are not required by law, but in the circumstances it is wholly uncertain whether the appeal board regarded the local board's statement of June 18th as not in accord with the law. We think the ruling of the Supreme Court in Sicurella v. United States, 1955, 348 U.S. 385, 392, 75 S.Ct. 403, 406, 99 L.Ed. 436, is applicable. The Court said:

> "Here, where it is impossible to determine on exactly which grounds the Appeal Board decided, the integrity of the Selective Service System demands, at least, that the Government not recommend illegal grounds."

From this record we cannot tell whether the appeal board accepted the reasons given by the local board. Since the record is so unclear, we cannot say that the error of the local board was cured on appeal.

 Nor do we think that subsequent events cured the error. On the contrary they point up the fact that it was not cured on appeal. The file was returned by state headquarters to the local board after it had issued the order of March 25, 1955 directing the defendant to appear for civilian work and the defendant had made known his refusal to do so. On May 9, 1955, state headquarters returned the defendant's file to the local board with the following covering letter:

> "The file of the above named registrant is returned with the request that the board's comments of June 18, 1954, and November 18, 1954, concerning the registrant's eligibility for Class IV–D be clarified.

> "Any possible clarification should be identified as a 'Statement for the Record' and be currently dated.

> "Upon completion of the above matter, please return the cover sheet to this headquarters."

The local board prepared the following statement:

> "May 12, 1955
> *"Statement for the Record*
> "On 18 June 1954, it was commented by the Local Board that a member of the Jehovah's Witness does not qualify for a IV–D classification for the reason that he does not have the training and qualifications of an ordained minister.

> "At a subsequent date, 18 November 1954, it was stated in our letter that the Board refused to reopen this registrant's classification on the basis that he did not qualify for a IV–D under Section 1622.43 of the Selective Service Regulations.

> "It is the understanding of this Board that some members of the Jehovah's Witness meet the requirements of the Regulations in regard to Class IV–D, however, after consideration of the information presented in this case, we are of the opinion that the registrant does not meet the requirements for Class IV–D.

> "Our statement of 18 November 1954, was meant to reflect the content of the preceding paragraph."

The local board's attempt to cure its error came too late, however, to validate the order issued on March 25, 1955. But these later proceedings furnish persuasive indication that the erroneous view of the law disclosed by the local board's statement of June 18, 1954 persisted in the record even after the appeal board had acted and the record had been returned to the local board. Since, therefore, it appears that the local board rejected the defendant's claim for ministerial exemption on May 24, 1954 on an erroneous application of the law its clas-

sification of defendant in Class I–O was invalid and rendered its order of March 25, 1955 invalid.

We conclude that the order of the local board issued March 25, 1955 requiring the defendant to report for civilian work, with which he refused to comply, was invalid because the board denied the defendant procedural due process of law and because the defendant's classification upon which it was based was the result, at least in part, of an erroneous view of the applicable law. It follows that the defendant's motion for a judgment of acquittal should have been granted.

The judgment of the district court will be reversed and the cause remanded with directions to enter a judgment of acquittal.