UNITED STATES of America,
Plaintiff-Appellee,

v.

Ronald Gene PRICE, Defendant-
Appellant.

No. 16606.

United States Court of Appeals
Seventh Circuit.

June 19, 1968.

Julian E. Cannell, Peoria, Ill., for appellant.

Richard E. Eagleton, Springfield, Ill., Herman C. Runge, Jr., James Hatcher, Asst. U. S. Attys., Peoria, Ill., for appellee.

Before CASTLE, Chief Judge, and FAIRCHILD and CUMMINGS, Circuit Judges.

CASTLE, Chief Judge.

Ronald Gene Price, defendant, appeals from a judgment of conviction and sentence to imprisonment for three years, following a trial before the court without a jury. The prosecution was based upon an indictment charging him with knowingly refusing and failing to report to his local board for instructions to proceed to a place of civilian employment contributing to the maintenance of the national health, safety, and interest, as provided in the Universal Military Training and Service Act, in violation of 50 App. U.S.C.A. § 462.

The defendant predicates the existence of prejudicial error requiring a reversal on the ground that he was denied due process of law by the local board's failure to consider and act upon a request for reclassification he claims to have made.

The record discloses that on November 18, 1964, the defendant was classified as a conscientious objector (Class 1-O) by his local board. On May 14, 1965, he was ordered to report for physical examination; he did so and was found to be and notified of his acceptability for induction. On September 23, 1965, he returned a current information question-

naire to the board in which he gave his occupation as "timber cutter" and stated that he was regularly so employed. In the portion of the form devoted to "Education" he stated he was preparing for the ministry as a student at Armington Congregation of Jehovah's Witnesses Theocratic Ministry School. On January 20, 1966, the local board mailed to the defendant a special report form for Class 1-O registrants and requested that he indicate a preference for civilian work. He returned the form with a letter informing the board that he would not perform civilian work in lieu of induction. In the letter, which was received by the board on February 10, 1966, the defendant stated "[b]eing recognized as a minister and meeting the law's requirements for being classed as one" he did not feel it suitable for him to accept the type of work offered. No new facts in substantiation of a claim for a ministerial (Class 4-D) classification were offered.

On review of the file in this posture by the Illinois Headquarters of the Selective Service System a clerical discrepancy was discovered and the local board was directed to reopen the registrant's classification and classify him anew. The local board did so and again classified the defendant 1-O on March 8, 1966, and mailed a notice of such classification to the defendant. No appeal was taken or personal appearance requested by the defendant.

Prior to ordering the defendant to report for civilian employment on August 1, 1966, the local board on April 6, 1966, asked the defendant if he was a Pioneer Minister of Jehovah's Witnesses. He replied by letter that he was not, but had in the past been a "vacation pioneer" and a "magazine territory servant". As of the same date he returned a current information questionnaire to the board in which he again listed his occupation as "tree trimmer and logger". In a subsequent letter received by the board on May 2, 1966, the defendant again refused "[i]n view of my religious belief" to perform civilian service in lieu of induction. The registrant reported for a personal interview on June 7, 1966, at which time he again stated that he was not willing to accept civilian work in lieu of induction "because it would be a compromise". Defendant failed to report for civilian employment on August 1, 1966, as required by the order the board issued.

At his trial the defendant testified that "either in January or February" of 1965 he prepared a letter to the local board and "either mailed it or dropped it in the slot at the [local board's office]"; that he kept no copy of the letter; that he had started "vacation pioneering" in December of 1964, and when he prepared the letter he thought that warranted the reopening of his case; that in the letter he advised the board that he was then a vacation pioneer and intended to become a fulltime pioneer as soon as he could "arrange his affairs"; that he received no communication from the board with respect to that letter; and that he never did call or write the local board about it.

The official records of the local board do not contain such a letter nor any reference to its having been received. The board clerk testified that "it could possibly have been lost or misfiled".

The defendant's contention that he was denied due process by the board is based on the premise that the board received the letter and that the content thereof required the board to reopen and consider anew his classification, which action the board failed to take. But the record contains no support for a conclusion that the board received the letter or that its content required the board to reconsider the defendant's classification.

■ Thus, defendant's reliance on Olvera v. United States, 5 Cir., 223 F.2d 880, and United States v. Stepler, 3 Cir., 258 F.2d 310, is misplaced. Here no failure or refusal on the part of the board to follow applicable regulations has been shown to exist. The fact, if such existed and had been brought to the board's attention, that the defendant

"intended" to "arrange his affairs" so that he could become a pioneer minister at some future time would not have required a present reconsideration of his classification by the board.

Moreover, the information the defendant subsequently furnished the board with respect to his occupation and status negates that he carried out such an "intention".

■ If it be assumed that the letter was received by the board but lost or misfiled the resulting failure to consider it does not constitute an irregularity of substance or import—much less a denial of procedural due process which serves to invalidate the board's order and requires a reversal of the defendant's conviction.

The Court expresses its thanks to Mr. Julian E. Cannell of the Peoria, Illinois bar for his dedicated representation of the defendant in this appeal pursuant to the appointment of this Court.

The judgment order of conviction and sentence is affirmed.

Affirmed